U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 2 8 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| PETER ROY ALFRED, JR.,<br>Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. CV07-1785 |
| VERSUS | |
| WINN CORRECTIONAL CENTER, et al.,<br>Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Peter Roy Alfred, Jr. ("Alfred") on October 25, 2007. The named defendants are the Winn Correctional Center ("WCC") in Winnfield, Louisiana, Tim Wilkinson (warden of WCC), Corrections Corporation of America ("CCA")(operator of WCC), and WCC employees Angie Martin, Tim Morgan, Laura Howard, Dr. Alfonzo Pacheco, Pat Thomas, L. Coleman, and M. Gaskill. Alfred contends that, while he was incarcerated in the in 2007, he was denied medical care for his sleep apnea. Specifically, Alfred alleges he has been prescribed a C-Pap breathing machine to use when he sleeps, which he was provided with while he was confined in the Allen Correctional Center, but has not been provided with since he was transferred to the WCC.

Defendants answered the complaint, denying the factual allegations set forth in Section IV, allegations 1-26 of the

complaint (Doc. Item 19). Alfred filed a motion for judgment on the pleadings (Doc. Item 21), alleging defendants admitted allegations 1-3 in his complaint - that Alfred was confined in WCC, had been diagnosed with sleep apnea, and had been denied medical care by the defendants. However, as defendants point out, they denied sections I, II, and III of the complaint, not allegations 1, 2, and 3 of section IV of the complaint.

Therefore, Alfred's motion for judgment on the pleadings should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Alfred's motion for a judgment on the pleadings be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL**

BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 28th day of March, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE