

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| PETER ROY ALFRED, JR. | CIVIL ACTION NO. 07-1785 |
|---|---|
| versus | JUDGE DRELL |
| WINN CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is plaintiff's motion for recusal[1] of U.S. District Judge Dee D. Drell, the presiding judge in the above captioned case. Plaintiff's motion alleges that prior rulings by Judge Drell evidence bias and that recusal is necessary to ensure that his objections to the report and recommendation recently issued by U.S. Magistrate Judge Kirk[2] are properly considered after a de novo review of the record. For the reasons expressed herein, the court finds that plaintiff's motion for recusal should be DENIED.

Plaintiff is incarcerated at Winn Correctional Center ("WCC") in Winnfield, Louisiana. Plaintiff filed the above captioned lawsuit on October 25, 2007, alleging that he was denied access to a continuous positive airway pressure ("CPAP") machine, necessary for treatment of his sleep apnea, in violation of his Eighth Amendment rights under the U.S. Constitution.[3]

---

[1] R. 130.

[2] R. 126.

[3] R. 1.

1

Plaintiff also claims that defendants have engaged in retaliatory behavior toward him because of this and previous lawsuits.[4] Finally, plaintiff alleges that defendant Dr. Alfonzo Pacheco ("Dr. Pacheco") was negligent in his treatment of plaintiff's sleep apnea and also engaged in racially offensive speech toward plaintiff.[5]

Plaintiff's suit was assigned to Judge Drell and Magistrate Judge Kirk. The record indicates that plaintiff has filed no less than thirty-nine (39) separate motions[6] in this case, seeking summary judgment and various other reliefs. Although a great number of these motions are repetitive in nature, simply rehashing arguments already addressed by this court, the record also reveals that these motions have been timely reviewed and adjudicated by the court.[7] Plaintiff's instant motion,[8] referred to the undersigned for review,[9] seeks recusal of Judge Drell based upon plaintiff's allegations of bias and prejudice in prior rulings in this case.

Plaintiff's instant motion first asserts that the report and recommendation recently issued by Magistrate Judge Kirk shows "injustice and prejudice" in that it recommends that Judge Drell grant defendants' motion for summary judgment.[10] Next, plaintiff's motion alleges that the court

---

[4] R. 1 at ¶ 13.

[5] R. 1 at ¶¶ 14-15, 18-19.

[6] R. 5, 8, 14, 21, 22, 28, 47, 50, 53, 54, 55, 57, 60, 62, 71, 72, 76, 77, 78, 79, 87, 94, 97, 98, 100, 101, 102, 104, 105, 106, 113, 114, 115, 116, 119, 121, 123, 125, 130.

[7] Order dated 11/19/07, R. 20, Order dated 1/9/08, R. 29, R. 37, R. 52, Order dated 5/13/08,. R. 63, R. 80, R. 103, R. 107, R. 120, R. 131.

[8] R. 130.

[9] R. 131.

[10] R. 130 at p. 1.

has neglected to consider evidence which allegedly contradicts prior summary judgment evidence submitted by defendants.[11] Plaintiff also asserts that summary judgment in defendants' favor is inappropriate because defendants engaged in intentional delay of medical treatment.[12] Finally, to the court's astonishment, plaintiff asserts that defendants' eventual placement of an electrical socket in "ash D1 prison population" poses an extreme threat of danger to plaintiff's life because it might be used as a weapon.[13]

The court rejects plaintiff's first argument that Magistrate Judge Kirk's report and recommendation evidences injustice and prejudice because it recommends that summary judgment be granted in defendants' favor. 28 U.S.C. §§ 144 and 455 provide for the circumstances in which a judge or magistrate judge must recuse himself. Construing plaintiff's motion for recusal liberally and in favor of a finding that plaintiff has stated a cognizable claim, we view the motion as alleging partiality or bias under § 455(a) which explains that recusal is appropriate when the judge or magistrate judge's "impartiality might reasonably be questioned."[14] Whether a claim is stated under § 144 or § 455, the movant must demonstrate bias or prejudice which is personal, rather than judicial. Therefore, a motion for recusal under either

---

[11] Id.

[12] Id. at p. 2.

[13] Id. at p. 2.

[14] In order to proceed under § 144, plaintiff would have had to file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The record before us contains no such affidavit demonstrating personal bias. As explained above, however, even if plaintiff had filed an affidavit the evidentiary burden is the same as when recusal is sought under § 455.

3

subsection which is based on adverse rulings in the movant's instant case is usually denied.[15] This is true because the remedy afforded a party aggrieved by adverse rulings is an appeal, rather than recusal. Only when the movant can demonstrate that the adverse rulings "reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible."[16] Plaintiff's motion is based solely on adverse rulings in the above captioned case and plaintiff has submitted no evidence which demonstrates personal bias, nor has he pled such bias. Accordingly, plaintiff's motion for recusal based on adverse rulings will be denied.

Plaintiff's next argument in favor of recusal is that he has clearly demonstrated that defendants have perjured themselves before this court and that this has gone unpunished. Specifically, plaintiff asserts that he submitted affidavits from three (3) inmates[17] who had personal knowledge that the infirmary at WCC had electrical outlets which were in working order and that they used these outlets to operate the floor buffer while assigned to that location for work. Plaintiff argues that these affidavits prove that portions of affidavits by Pat Thomas and Dr. Pacheco, submitted by defendants as summary judgment evidence, are untruthful and that such false information was knowingly offered to the court. Plaintiff has previously filed two (2) motions[18] advancing this argument and asking for defendants' affidavits to be stricken from

---

[15] U.S. v. Scroggins, 485 F.3d 824, 830 (5th Cir. 2007) (quoting Phillips v. Joint Legislative Committee on Performance & Expenditure Review, 637 F.2d 1014, 1020 (5th Cir. 1981)).

[16] Id. (citing Liteky v. United States, 510 U.S. 540 (1994).

[17] R. 105.

[18] R. 105, 106.

4

the record. Defendants filed a response to these motions, asserting that the affidavits submitted by plaintiff do not contradict the affidavits of Dr. Pacheco and Pat Thomas. Plaintiff asserts that the court's failure to "investigate" defendants' alleged perjury and to strike such evidence from the record shows prejudice which demands recusal. The undersigned does not agree.

As explained above, any determination by the court that plaintiff has not carried his evidentiary burden sufficiently so as to avoid summary judgment, on its own, is not an adequate basis for recusal under applicable law and jurisprudence. Were this not the operative standard, the undersigned would still find that plaintiff's argument lacks merit. Having reviewed the affidavits from John Wayne Dupuy, Richard Smith and Joe Wooten which were submitted by plaintiff, as well as the affidavits of Dr. Pacheco and Pat Thomas submitted by defendants, the undersigned does not agree with plaintiff's argument that perjury is proven. The affidavits by Dr. Pacheco and Pat Thomas state that the only electrical plug that is available of use of the CPAP machine is located outside one of the lockdown solitary cells. These affidavits do not state that there are no other working electrical plugs in the infirmary, just that the only electrical plug suitable for CPAP use is located outside one of the lockdown solitary cells. Factors which influence which electrical plug is suitable for CPAP use necessarily include where plaintiff will sleep, what disturbance to other infirmary patients may be caused by the machine, what violent use of the machine and its parts and plug might be undertaken by plaintiff's fellow inmates, as well as the allocation of the infirmary's resources on a nightly basis.

Due to the unique safety and resource allocation concerns which accompany use of the CPAP at WCC, the undersigned does not find that plaintiff has demonstrated that defendants' decision to require the CPAP machine be plugged into a particular electrical plug contradicts

prior affidavits or otherwise amounts to perjury. Moreover, plaintiff has now been afforded use of the CPAP machine at issue and, as such, these issues are now moot. Accordingly, plaintiff's motion for recusal on the basis that he has proven defendants perjured themselves before this court will be denied.

The remainder of plaintiff's arguments concern the merits of the summary judgment motion and, accordingly, lie outside the scope of the undersigned's review for recusal purposes.

The court has carefully reviewed the record in this matter and finds that plaintiff has failed to demonstrate any prejudice or bias as required by 28 U.S.C. § 455(a). The undersigned finds that the entire basis of plaintiff's recusal motion is discontent with the court's issuance of several adverse rulings in the instant case. Under applicable law and jurisprudence, the presence of adverse rulings in the record is not sufficient to warrant recusal of any judge or magistrate judge. As discussed above, the undersigned also finds that plaintiff has failed to demonstrate that he has proven perjury by defendants which has gone unchecked by the court. Given these findings, plaintiff's motion for recusal of U.S. District Judge Drell will be denied by order issued this day.

**Alexandria, Louisiana**
**May __1__, 2009**

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE